**UNITED STATES of America, Appellee,**

v.

**Antonio MARMORATO, Defendant–Appellant.**

No. 03–1659.

United States Court of Appeals, Second Circuit.

Aug. 10, 2004.

Barry Gene Rhodes, Brooklyn, NY, for Appellant.

Barbara Underwood, Counsel to United States Attorney, Roger A. Burlingame, Assistant United States Attorney (Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, Susan Corkery, Assistant United States Attorney on the brief), Brooklyn, NY, for Appellee.

Present: POOLER, SACK, and RAGGI, Circuit Judges.

## SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, AD-JUDGED, AND DECREED that the judgment of the district court is AF-FIRMED in part.

Marmorato appeals from an October 24, 2003, judgment of the district court convicting him of conspiracy to import and possess with intent to distribute cocaine, importation of cocaine, and possession with intent to distribute cocaine in violation of 21 U.S.C. Sections 841, 846, 952(a), and 963. Specifically, Marmorato appeals from the court's denial of his FED. R.CRIM. P 33 motion for a new trial based on ineffective assistance of counsel. Marmorato also appeals from the court's denial of his request for a downward departure based on diminished mental capacity. Further, in light of the Supreme Court's recent decision in *Blakely v. Washington,* —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), Marmorato has, within the last week, appealed his sentence on Sixth Amendment grounds. We do not here decide Marmorato's *Blakely*-based claim. We will address that challenge in a separate opinion or order to be issued at a future date. With respect to those challenges that we do here decide, we assume the parties' familiarity with the underlying facts, procedural history, and specification of appellate issues and hold as follows.

Because Marmorato appeals from the court's denial of his motion for a new trial, we review for abuse of discretion, *United States v. Wong,* 78 F.3d 73, 78 (2d Cir. 1996), and we overturn the district court's factual findings only if clearly erroneous, *United States v. Imran,* 964 F.2d 1313, 1318 (2d Cir.1992).

Marmorato submits that his trial counsel was ineffective in two respects: (1) by sleeping through periods of the trial, and (2) by failing to investigate and pursue a diminished capacity defense. In order to prevail in a claim of ineffective assistance

counsel, the defendant must show that 1) counsel's conduct "fell below an objective standard of reasonableness," and 2) this conduct caused the defendant prejudice. *Strickland v. Washington,* 466 U.S. 668, 687–88, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To demonstrate prejudice, Marmorato must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. The Court has explained that "[a] reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

■ Marmorato essentially concedes that he cannot demonstrate specific prejudice resulting from the alleged sleeping. Nevertheless, he submits that prejudice can be presumed because counsel's sleeping was so substantial as to constitute *per se* ineffective assistance. *See Tippins v. Walker,* 77 F.3d 682 (2d Cir.1996). This argument is defeated by the district judge's express finding, based on his own observations at the trial and evidence adduced at a thorough Rule 33 hearing, that no such sleeping occurred. Marmorato characterizes this finding as clearly erroneous in light of the testimony of various defense witnesses who reported seeing defense counsel sleeping and the court's own statement that "I'm not saying it didn't happen." Hearing Tr., July 7, 1999, at 123. Marmorato mischaracterizes the latter statement. The district judge was acknowledging only the possibility that counsel had closed his eyes from time to time to feign indifference to government evidence that he wanted the jury to dismiss as irrelevant. But the judge made it plain that he did not think counsel had in fact been asleep "at all" during trial. Hearing Tr., January 24, 2003, at 3. Moreover, he had "no doubt" that counsel had not slept to the substantial degree claimed by defendant and his witnesses. *Id.* at 4. The district court's rejection of defendant's evi-

dence cannot be deemed clearly erroneous. Accordingly, we reject this part of Marmorato's ineffectiveness claim as without merit.

■ Insofar as Marmorato claims that his attorney provided ineffective assistance by failing to pursue an available psychological defense, even if we assume Marmorato could satisfy the first prong of the *Strickland* test, he fails to establish the requisite prejudice from counsel's omission. While the psychologist who evaluated Marmorato prior to trial did express his belief that Marmorato suffered from "serious psychiatric illness with components of neuropsychological impairment," he did not state even at the Rule 33 hearing that Marmorato's afflictions precluded him from forming the requisite criminal intent—the critical point for purposes of pursuing a trial defense. The psychologist observed that Marmorato was susceptible to suggestion and manipulation, but not incapable of making reasonable and rational judgments. Indeed, when the district court was urged to grant Marmorato a downward departure for diminished mental capacity based on the full psychological presentation made at the Rule 33 hearing, it denied the application, finding that the expert testimony provided no basis "to causally relate in any mitigating sense [Marmorato's] mental, emotional and psychological profiles to the offense conduct." Hearing Tr., July 28, 2003, at 61. In sum, because Marmorato cannot show that he was prejudiced by trial counsel's omission, we reject this part of his ineffectiveness claim as without merit.

■ Marmorato challenges the district court's refusal to grant his request for a downward departure. A sentencing court's refusal to grant a downward departure is generally not reviewable on appeal. *United States v. Middlemiss,* 217 F.3d 112, 125 (2d Cir.2000). However, the appeals court may review decisions if the district

court misapprehended its authority to grant a downward departure. *United States v. Labeille–Soto,* 163 F.3d 93, 100 (2d Cir.1998). Our court presumes that the district courts understand their authority to depart downwardly unless there is "clear evidence of a substantial risk that the judge misapprehended the scope of his departure authority." *United States v. Brown,* 98 F.3d 690, 694 (2d Cir.1996) (per curiam). Thus, in order for this court to review the district court's denial of a request to downwardly depart, the appellant must present evidence that the sentencing court misunderstood its authority to depart. Marmorato presented no such evidence.

We therefore affirm in part the judgment of the district court.